UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WASIU ENIOLA LAWAL,

    Petitioner,

v.

PHILIP RHONEY, in his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, Enforcement and Removal Operations, U.S. Immigration & Customs Enforcement, et al.,

    Respondents.

**DECISION AND ORDER**

6:26-CV-6083-EAW

---

Petitioner Wasiu Eniola Lawal ("Petitioner") is a civil immigration detainee alleging that that he is being detained in United States Immigration and Customs Enforcement ("ICE") custody pending removal proceedings in violation of the United States Constitution. (Dkt. 1). He seeks relief under 28 U.S.C. § 2241. (*Id.*). Petitioner is being held at the Buffalo Federal Detention Facility in Batavia, New York. (*Id.* at ¶ 5).

The Court has issued written decisions in *Quituizaca Quituisaca v. Bondi,* No. 6:25-CV-6527-EAW, 2025 WL 3264440 (W.D.N.Y. Nov. 24, 2025), and *Lieogo v. Freden,* No. 6:25-CV-06615 EAW, 2025 WL 3290694 (W.D.N.Y. Nov. 26, 2025), finding that noncitizens who are present in the United States without having been admitted or paroled are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but instead are subject to detention under section 1226. Furthermore, the Court has issued a written decision in

*Ivonin v. Rhoney*, No. 6:25-CV-06673 EAW, 2026 WL 199283 (W.D.N.Y. Jan. 26, 2026), finding that where a petitioner is paroled into the country and that parole expires, and the subsequent re-arrest is <u>not</u> a continuation of the initial border encounter, but an independent decision to detain the individual after the expiration of his parole, the detention pursuant to that re-arrest arises under § 1226.  In addition, the Court has issued a written decision in *Ahmed v. Rhoney,* No. 6:25-CV-06662-EAW, 2026 WL 262553 (W.D.N.Y. Feb. 2, 2026), concluding that a petitioner initially detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), who is released on bond, cannot be unilaterally re-detained with no individualized hearing or demonstrated change in circumstances, and rejecting the government's reliance on *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019) to support the notion that the petitioner's release was retroactively nullified.

Here, according to Respondents, Petitioner was initially detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii). (Dkt. 6).  But on June 15, 2015, he was released under an order of supervision, and on October 28, 2022, the government's motion to dismiss the removal proceedings without prejudice was granted.  (*Id*.).  Then, with no apparent change in circumstances, on December 4, 2025, Petitioner was re-detained and placed back into removal proceedings, and the government contends that he is detained as an arriving alien under 8 U.S.C. § 1225(b)(1)(B)(ii).  (*Id*.).  Relying in part on *Matter of M-S-*, the government contends that petitioner is subject to mandatory detention.  (*Id*.).

The Court disagrees with the government's position.  For the same reasons the Court has previously articulated in the aforementioned decisions, the petition is granted to the

extent that Petitioner seeks a bond hearing, and a bond hearing shall be conducted in accordance with the following terms:

1. Petitioner shall be granted a bond hearing before an immigration judge ("IJ") <u>on or before February 10, 2026</u>. If Petitioner requests a continuance that results in a bond hearing date outside this deadline, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2. After considering the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court concludes that the government shall have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Lieogo v. Freden*, No. 6:25-CV-06615 EAW, 2025 WL 3290694, at *4-6 (W.D.N.Y. Nov. 26, 2025). In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5. Respondents are directed to file a status update with the Court <u>on or before February 12, 2026</u>.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:	February 3, 2026
	Rochester, New York